IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY MARGARET TAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 7071 |
| v. ) | |
| ) | Wayne R. Andersen |
| R. JAMES NICHOLSON, Secretary, ) | District Judge |
| United States Department of Veteran ) | |
| Affairs ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Tai ("Tai") brought this suit against defendant James Nicholson ("Nicholson") alleging (1) unlawful discrimination because of her race and age, and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. This matter is before the court on Nicholson's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, that motion is granted.

## BACKGROUND

Tai, a 55-year-old Guamanian female, has been employed by the Department of Veteran Affairs ("VA") since 1985. Tai currently holds the position of a GS 11 Program Analyst in the Hines, Illinois Office of Information Field Office ("OIFO"). In 1999, Tai filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") based upon a non-promotion for a vacancy at the VA that Tai had applied for in 1998. The parties settled that claim in 2000. From May, 1998 to April, 2003, Tai did not apply for any new positions within the VA.

Under the VA's administrative procedures, Richard O'Neal, ("O'Neal") the VA's Associate Deputy Director for Administrative Operations, is responsible for chairing recommending panels that convene to fill vacant positions under the supervision of the Director of HSITES, Daniel Marsh ("Marsh"). After O'Neal receives the Certificate of Eligible Applicants and the candidates' application packages from Human Resources, he creates lists of potential recommending panel members from VA offices across the country based on the members' positions and qualifications relative to the vacant position. O'Neal then contacts each person and, based on availability, creates a recommending panel. The recommending panel then convenes via teleconference to review the candidates' application packages. After the teleconference, the recommending panel individually scores each candidate on competency factors ("KSAs"). O'Neal then emails the panel members each candidate's average score, identifying the highest scoring candidate, and asks the panel members whether they each concur in recommending the highest scoring candidate.

Between late 2004 and early 2005, Tai applied for promotions for three vacancies within the VA ("Position 1," "Position 2," and "Position 3"). Tai was denied promotion for all three vacancies. Tai filed a charge with the EEOC based on those non-promotions and received a right-to-sue letter on January 17, 2006. Tai filed her amended complaint in this action on January 27, 2006. In her complaint, Tai alleges that her non-promotions were the result of unlawful discrimination because of her race and age, and retaliation for her 1999 EEOC complaint. Tai has voluntarily dismissed her discrimination claims and now relies only on her claim of retaliation. Nicholson now moves for summary judgment

## DISCUSSION

*A.  Legal Standard*

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion; instead the nonmoving party must present definite, competent evidence to rebut the summary judgment motion. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004).

*B.  Retaliation Under Title VII*

In her complaint, Tai alleges that she was subject to retaliation for her 1999 EEOC complaint and identifies three instances of non-promotions as the alleged retaliation. A plaintiff may prove retaliation under Title VII under either the "direct" or "indirect" methods of proof. *Jordan v. City of Gary*, 396 F.3d 825, 832 (7th Cir. 2005) (citing *Rhodes v. Ill. Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004)). We will begin by analyzing Tai's claim under the direct method.

1.  Direct Method

Tai may prove retaliation under the direct method of proof via direct evidence or circumstantial evidence. Direct evidence essentially requires an "admission by the decision-maker that his acts were based on the prohibited animus." *Radue v. Kimberly-Clark Corp.*, 219

3

F.3d 612, 616 (7th Cir. 2000). Here, Tai has presented no evidence that any VA employee admitted retaliatory intent. Because such statements are rarely encountered, however, "a plaintiff may also prevail under the direct method of proof by constructing a convincing mosaic of circumstantial evidence that allows a jury to infer intentional retaliation by the decision-maker." *Jordan*, 396 F.3d at 832 (citing *Rhodes*, 359 F.3d at 504). Tai does not point to any circumstantial evidence that would create a reasonable inference of intentional retaliation by the VA. Therefore, Tai cannot prove retaliation under the direct method.

2. Indirect Method

Because Tai cannot prove retaliation under the direct method, she must attempt to do so under the indirect method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* indirect method, a plaintiff must first establish a *prima facie* case of retaliation. *Id.* at 802. If the plaintiff is able to meet that initial burden, then the burden shifts to the defendant to provide a legitimate, non-retaliatory reason for the employment action. *Id.* If the defendant does so, then the plaintiff must show that the employer's proffered reason was merely pretextual. *Id.*

a. Tai cannot establish a *prima facie* case of retaliation.

In order to establish a *prima facie* case of retaliation, Tai must show (1) that she engaged in a statutorily protected activity, (2) that she suffered an adverse employment action in response to that activity, and (3) that there is a causal connection between her protected activity and the adverse employment action. *Humphries v. CBOCS W. Inc.*, 474 F.3d 387, 404 (7th Cir. 2007). Here, Tai's prior EEOC complaint constitutes a statutorily protected activity under Title VII. *See Hairston v. Am. Tel. & Tel. Co.*, No. 94 C 4362, 1995 U.S. Dist. LEXIS 15256, at *25 (N.D. Ill. Oct. 10, 1995). Further, the VA's failure to promote her following her EEOC complaint constitutes an adverse employment action. *See Spearman v. Ford Motor Co.*, 231

4

F.3d 1080, 1086 (7th Cir. 2000). However, Tai cannot show a causal connection between her prior EEOC complaint and her non-promotions.

There are several ways to determine whether a causal connection exists between a statutorily protected activity and an adverse employment action. First, a causal connection may be ascertained by assessing the evidence as a whole. *Luckie v. Ameritech Corp.*, 389 F.3d 708, 711 (7th Cir. 2004). It is not sufficient that the decision-maker could or even should have known about the plaintiff's complaints; the plaintiff must show that the decision-maker had actual knowledge of the complaints for the decision to be retaliatory. *Id.* Here, Tai argues that knowledge by some of the VA's panel members and the selecting official creates an inference of retaliatory animus on part of the whole panel. We disagree. The parties have stipulated that some of the panel members for each of the promotions for which Tai applied had actual knowledge of Tai's prior EEOC activity. However, the VA's recommending panel members span the country and meet via teleconference. Panel members individually score candidates in their respective offices and only see a final average score for all of the candidates. Under these circumstances, we refuse to infer a retaliatory animus on the part of the entire recommending panel.

A plaintiff may also establish a causal connection if the temporal proximity between the protected activity and the adverse employment action is very close. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). On the other hand, the passage of a great amount time can be used as counter-evidence of a causal connection based on prior knowledge. *Johnson v. Univ. of Wis.-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995). Here, over four years had passed between Tai's prior EEOC complaint and her non-promotion to Positions 1 and 2, and over five years for her non-promotion to Position 3. We find this lapse of time to be too great to establish a causal connection between Tai's protected activity and her non-promotions. *See Smith v.*

5

*Allstate Ins. Corp.*, No. 99 C 4240, 2001 U.S. Dist. LEXIS 24482, at *36 (N.D. Ill. Sept. 17, 2001) (finding that the passage of two years was insufficient to maintain a temporal connection between the plaintiff's protected activity and her adverse employment action). Therefore, Tai cannot establish a causal connection between her prior EEOC complaint and her non-promotions. Accordingly, Tai cannot establish a *prima facie* case of retaliation.

> b. The VA had legitimate, non-retaliatory reasons for not promoting Tai that were not pretextual.

Even if Tai was able to meet her *prima facie* burden, her retaliation claim would still fail because the VA had legitimate, non-retaliatory reasons for not promoting Tai that were not pretextual in nature: the applicant with the highest score, as determined by an independent recommending panel, was selected for each position. Tai was not the highest scoring candidate for any of the positions for which she applied and thus was not recommended by the panels and was not awarded any of the promotions. The law is well settled that courts do not sit as super personnel departments, second-guessing an employer's facially legitimate business decisions. *See Brummett v. Sinclair Broad. Group, Inc.*, 414 F.3d 686, 693 (7th Cir. 2005). Under these circumstances, we find that the VA had legitimate, non-retaliatory reasons for not promoting Tai to any of the positions for which she applied.

Tai has also failed to show that the VA's legitimate, non-retaliatory reasons for not promoting her were pretextual in nature. In order to show pretext, a plaintiff must show that the defendant's "explanation was designed to obscure the unlawful [retaliatory] action." *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir. 1996). In a non-promotion context, a plaintiff can demonstrate pretext by proving that her qualifications were, "so plainly superior as to require a finding of pretext." *Bauer v. Bailar*, 647 F.2d 1037, 1048 (10th Cir. 1981). The evidence must clearly show that the employee was far superior and no other

6

candidate had the same qualifications making the employer's stated reason for choosing another applicant in fact a lie to cover up retaliation. *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1180 (7th Cir. 2002). An employee's personal assessment of their qualifications is insufficient to create a genuine issue of fact for trial. *See Ballance v. City of Springfield*, 424 F.3d 614, 620 (7th Cir. 2005). Although a plaintiff can describe strong qualifications, the plaintiff must still demonstrate that they are so plainly superior that no rational person would choose another candidate over her. *Millbrook*, 280 F.3d at 1180-81.

Here, Tai has failed to produce any evidence demonstrating that she was plainly superior to each chosen candidate and that the panels' decisions were in fact retaliatory in nature. For Positions 1 and 2, Tai argues that the selected candidates were not of the qualifying grades for the positions and that Tai was of a higher grade with more years of service. However, like Tai, other candidates of higher grades without prior EEOC complaints were also not selected. Further, for Position 3, Tai alleges that the panel members proffered reasons for choosing another candidate (e.g., Tai's lack of clinical or hospital experience) were not outlined in the vacancy announcement and that she had a higher GS level than the selected candidate. However, this alone can not establish Tai as the plainly superior candidate. Moreover, panel members are inclined to translate a candidate's experience and skills into scores for competency factors like the ability to communicate or analytic ability. Thus, we find that the VA's non-retaliatory, legitimate reasons for not promoting Tai were not pretextual.

Accordingly, because Tai cannot prove retaliation under either the direct or indirect methods of proof, summary judgment must be granted in favor of Nicholson.

## CONCLUSION

For the foregoing reasons, defendant R. James Nicholson's motion for summary judgment [34] is granted. This case is terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: April 29, 2008